ASHWINI ARUN, ESQ. (Cal. Bar No. 345112)
633 West Fifth Street, Office 2618E
Los Angeles, CA 90071
Telephone: (650) 314-9970
aaruniplaw@gmail.com

RAY ASHBURG (Admitted Pro Hac Vice)
SHABNAM HAJIAN (Admitted Pro Hac Vice)
ASHBURG PLLC d/b/a AVONTIS
112 S. Tryon Street, Suite 809
Charlotte, NC 28284
Telephone: (704) 408-2530
Ashburg@Avontislaw.com | Hajian@Avontislaw.com

Attorneys for Defendant and Counterclaimant IMPRINT.COM, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| VIVEK SHAH,<br>Plaintiff,<br><br>v.<br>IMPRINT.COM LLC,<br>Defendant.<br><br>IMPRINT.COM, LLC,<br>Counter-Plaintiff,<br><br>v.<br>VIVEK SHAH,<br>Counter-Defendant. | Case No. 2:26-cv-06526-MWC-PD(x)<br><br>DECLARATION OF SHABNAM HAJIAN REGARDING RULE 26(f) JOINT REPORT CORRESPONDENCE<br><br>**Scheduling Conference: October 2, 2026**<br>**Time: 1:30 p.m.**<br>**Courtroom: 6A**<br><br>Judge: Hon. Michelle Williams Court<br>Magistrate Judge: Hon. Patricia Donahue<br>Complaint Filed: June 13, 2026<br>Counterclaims Filed: July 23, 2026<br>Trial: None set |

# DECLARATION OF SHABNAM HAJIAN

I, Shabnam Hajian, declare as follows:

**1.** I am counsel for Defendant and Counterclaimant Imprint.Com, LLC ("Imprint") in this action and am admitted pro hac vice. I have personal knowledge of the matters stated in this declaration based on my participation in the parties' Rule 26(f) communications and my review and transmission of the correspondence described below. If called as a witness, I could and would testify competently to these facts.

**2.** The parties conferred pursuant to Federal Rule of Civil Procedure 26(f) on September 9, 2026. Thereafter, counsel for Imprint undertook responsibility for preparing and circulating the Joint Rule 26(f) Report consistent with the Court's Order Setting Scheduling Conference, ECF No. 19.

**3.** Between September 11 and September 16, 2026, the parties exchanged multiple successive drafts of the Joint Rule 26(f) Report. The drafting process included at least seven versions or revisions exchanged between the parties, as reflected in the correspondence and the draft exhibits later filed by Mr. Shah with ECF No. 30.

**4.** On September 11, 2026, I transmitted Imprint's initial draft of the Joint Rule 26(f) Report and Schedule Worksheet to Mr. Shah and requested his input. Mr. Shah returned his proposed input on September 12, 2026. On September 15 and September 16, the

parties continued exchanging revised drafts and comments in an effort to reach agreement on a joint filing.

**5.** On September 16, 2026, after further exchanges, I transmitted a revised and condensed version of the Joint Report and requested confirmation whether Imprint could proceed with filing. Mr. Shah thereafter transmitted another proposed revision, stating that he believed it captured Imprint's positions accurately.

**6.** At approximately 6:33 p.m. Eastern Time on September 16, 2026, Mr. Ashburg responded that Imprint could not agree to certain revisions because, in Imprint's view, they altered or characterized Imprint's positions. The email nevertheless expressly invited Mr. Shah to revise or shorten the portions stating his own positions and requested a response that evening so the Joint Report could be timely filed.

**7.** Before providing Imprint with any further proposed changes or response to that request, Mr. Shah filed ECF No. 30 unilaterally. At approximately 7:10 p.m. Eastern Time, I received notice of the electronic filing of ECF No. 30.

**8.** After receiving notice of ECF No. 30, Imprint promptly reviewed the filing, including the wording and changes Mr. Shah identified in his declaration and proposed Joint Report. In a further effort to resolve the drafting dispute and permit a timely joint filing, Imprint elected to accept Mr. Shah's substantive proposed changes to the Joint Report.

**9.** At 9:45 p.m. Eastern Time, I emailed Mr. Shah a marked copy reflecting the revisions and a clean copy for signature. My email stated that the revisions were being made as a

further good-faith effort to address the wording concerns Mr. Shah had raised with the Court in ECF No. 30. I advised Mr. Shah that Imprint had accepted all of his substantive proposed changes and asked him to sign and return the clean copy by 10:30 p.m. Eastern Time so the parties could file the Joint Report before the September 16 deadline expired.

**10.** A true and correct copy of the parties' Rule 26(f) correspondence, including my September 16, 2026 email sent at 9:45 p.m. Eastern Time and the identification of the clean and marked copies transmitted with that email, is attached hereto as Exhibit A.

**11.** Imprint did not receive a response from Mr. Shah to the 9:45 p.m. email before receiving another notice of electronic filing at approximately 10:21 p.m. Eastern Time reflecting the filing of ECF No. 31.

**12.** Upon review, ECF No. 31 appeared to be the clean version of the Joint Rule 26(f) Report that Imprint had transmitted to Mr. Shah at 9:45 p.m. after accepting his substantive proposed changes. Rather than returning the signed copy to Imprint for a joint filing, Mr. Shah filed the document as ECF No. 31.

**13.** Imprint submits this declaration solely to provide the Court with a concise, documented chronology of the parties' efforts concerning the Rule 26(f) Joint Report and the events following ECF No. 30. Imprint does not seek to burden the Court with further collateral dispute concerning the drafting process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 16, 2026.

*/s/Shabnam Hajian*
Shabnam Hajian

# EXHIBIT A

Rule 26(f) Joint Report Correspondence
September 11-16, 2026

Exhibit A consists of the email correspondence among counsel for Imprint.Com, LLC and Vivek Shah concerning preparation and revision of the Joint Rule 26(f) Report, including the September 16, 2026 email sent by Shabnam Hajian at 9:45 p.m. Eastern Time transmitting a clean copy and marked copy after Imprint accepted Mr. Shah's substantive proposed changes.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I caused a true and correct copy of the foregoing DECLARATION OF SHABNAM HAJIAN REGARDING RULE 26(f) JOINT REPORT CORRESPONDENCE to be filed with the Clerk of the Court using the CM/ECF system. Pursuant to Plaintiff/Counter-Defendant Vivek Shah's representation that he receives service through CM/ECF, service was effected through the CM/ECF system. A courtesy copy was also sent by electronic mail to newvivekshah@gmail.com.

*/s/ Shabnam Hajian*
Shabnam Hajian